**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4988

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN DAVID MCCRAE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:06-cr-00025-JPJ)

Submitted:  July 13, 2007                   Decided:  July 25, 2007

Before MOTZ and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Zachary T. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Brian D. McCrae guilty of conspiracy to commit robbery of controlled substances after traveling in interstate commerce, in violation of 18 U.S.C. § 2118(d) and (b)(1)(B)(2000), taking by force controlled substances after traveling in interstate commerce and the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2, 2118(a), (a)(1) (2000), and knowingly possessing with intent to distribute and distributing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000). McCrae was sentenced to three concurrent terms of 60 months' imprisonment. On appeal, McCrae argues the district court erred by denying his motion to suppress. We affirm.

This Court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). In determining whether probable cause existed for McCrae's arrest, the court must look at the totality of the circumstances surrounding the arrest. Illinois v. Gates, 462 U.S. 213, 230-32 (1983); Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to

warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998) (citations omitted). Determining whether the information surrounding an arrest is sufficient to establish probable cause is an individualized and fact-specific inquiry. Wong Sun v. United States, 371 U.S. 471, 479 (1963). Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. United States v. Arvizu, 534 U.S. 266, 273 (2002). "[E]ven 'seemingly innocent activity' when placed in the context of surrounding circumstances," can give rise to probable cause. United States v. Humphries, 372 F.3d 653, 657 (4th Cir. 2004)(citation omitted).

McCrae does not challenge the constitutionality of the officer's pat-down search of his front pants pockets. Such a challenge would be unavailing in any event because McCrae was present during the arrest of his co-conspirator, Sean Osborne, who was a suspect in the robbery of a pharmacy, and was observed to have a large bulge in his left front pants pocket. McCrae argues, however, that the police exceeded the permissible scope of the search by manipulating the object inside of his pants to discern that it felt like pills. He contends that the search should have

ceased as soon as it became evident the bulge was not created by a weapon.

McCrae acknowledges that at the time the search was performed, police knew a drug store had been robbed by an individual meeting the description of Osborne; McCrae had returned home with Osborne; Osborne had told his girlfriend that he had done something illegal; Osborne's girlfriend had discovered pill bottles; and McCrae had a bulge in his front pants pocket. McCrae ignores, however, the testimony of the officer who conducted the pat-down search that when he felt the lump he immediately recognized it to be a pocketful of pills. After reviewing the totality of the circumstances, we find the police did not exceed the scope of a permissible pat-down search, and that the evidence lawfully found in the course of the search providing probable cause to arrest McCrae. Accordingly, we find the district court properly denied McCrae's motion to suppress.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED